IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRUE NORTH PROPERTY
OWNER A, LLC

     Plaintiff

                                 CIVIL ACTION FILE NO.

vs.

MICHAEL J. BARRY;
ABIGAIL E. JONES; AND
ALL OTHER OCCUPANTS

     Defendants

## **NOTICE OF REMOVAL**

Come Now, Defendants Michael J. Barry ("Mr. Barry"), Abigail E.

Jones ("Ms. Jones") and All other Occupants of 1401 Rhododendron Dr. NW

(collectively, Tenants"), by and through the undersigned counsel, hereby files

this Notice of Removal and shows as follows:

1.

Plaintiff True North Property Owner A, LLC ("True North") filed its

original dispossessory affidavit on April 15, 2026.  Tenants filed their federal

claim against True North and Progress Residential on April 16, 2026.  At the

time of federal filing, neither the tenants nor the undersigned were aware of the

dispossessory filing.[1]  The federal case regards violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3631 and supplemental state claims. See Barry et al. v. Progress Residential Management Service, LLC et al., 1:26-cv-02087-AT (the "HUD Violation Action").   Both cases relate to and arise from the landlord-tenant relationship between the parties. A copy of all pleadings and process served upon the Tenants in the Magistrate Court matter is attached to Defendants' Notice of Removal as Exhibit "A".

## A Federal Question Exists in Both Cases

2.

In the HUD Violation Action, Tenants allege Landlord and Progress Residential discriminated against Ms. Jones by failing to make reasonable accommodations for her disability in violation of the 42 U.S.C. §§ 3601-3631. (Compl, at 3).

---

[1] Service was made on April 17, 2026. 1-1 pg. 4.

3.

Count I of the Complaint outlines violations of the Fair Housing Act, including the failure to make reasonable accommodations as the Landlord prepares to make extensive repairs on a newly leased property. (Id. at 35-38).

4.

One of the tactics used by the Landlord in an effort to retaliate against the Defendants for requesting  reasonable accommodations was to threaten them with an eviction for being "uncooperative". (The Hud Violation Action, Compl. at 31).  Landlord made good on its threats by filing the dispossessory action.

5.

Part of the Tenants' prayers for relief in the HUD Violation Action is to enjoin the Landlord from taking affirmative steps to discriminate and retaliate against Ms. Jones.  Therefore, there is a federal question regarding the Landlord's use of the eviction proceeding as a tool to retaliate against Ms. Jones for exercising her rights to seek reasonable accommodations from the Landlord.

**Removal is Timely**

6.

This removal is timely because it has been filed within 30 days of Defendants' receiving a copy of Plaintiffs' Complaint.

**Venue is Proper in the Northern District of Georgia**

7.

This action is properly removable in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b) because of the existence of a federal issue.

8.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. §§ 1441(a) because Cobb County is within the Northern District of Georgia, Atlanta Division. See 28 U.S.C. § 90(a)(2).

**The Unanimity Requirement Has Been Satisfied**

9.

28 U.S.C. § 1446(b)(2)(A) requires all defendants to join in or consent to the removal of the action. All Defendants consent to the Notice of Removal.

4

## Removal is Proper

10.

No previous application for relief sought herein has been made to this or any other Court.

11.

Good and sufficient defenses to Plaintiff's claims exist.

12.

Within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

13.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the Magistrate Court of Cobb County. A copy of the Notice of Removal is attached to Defendants' Notice of Removal as Exhibit "B".

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

This the 11th day of May 2026

THE MCGILL LAW FIRM, LLC


/s/Paula J. McGill
Paula J. McGill
GA Bar No. 610510
Attorney for Plaintiff

4901 Olde Towne Pkwy, #100
Marietta, GA 30068
(770)367-1234 (telephone)
demandingjustice@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the Notice of Removal by first class mail postage prepaid and by statutory electronic service to the following:

Matthew F. Totten
The Totten Firm, LLC
5579 Chamblee-Dunwoody Rd.
Suite B-136
Atlanta, GA 30338
mft@tottenfirm.com

This the 11th day of May 2026

THE MCGILL LAW FIRM, LLC


/s/Paula J. McGill
Paula J. McGill
GA Bar No. 610510
Attorney for Plaintiff

4901 Olde Towne Pkwy, #100
Marietta, GA 30068
(770)367-1234 (telephone)
demandingjustice@gmail.com

7