IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRUE NORTH PROPERTY OWNER
A, LLC*,*

    Plaintiff,

v.

MICHAEL J. BARRY, ABIGAIL E.
JONES, *and all other occupants,*

    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:26-cv-2640-AT

## **ORDER**

This is a dispossessory action concerning property located in Cobb County, Georgia. This case was initially brought in the Magistrate Court of Cobb County by Plaintiff True North Property Owner A, LLC against Defendants Michael J. Barry, Abigail E. Jones, and all other occupants. (*See* Doc. 1-1). Defendants removed the underlying state court action to this court on May 11, 2026. (Notice of Removal, Doc. 1).

It appears that this dispossessory action is connected to another action before this Court that Defendants filed last month. *See Barry v. Progress Residential Management Service, LLC*, 1:26-cv-2087-AT (N.D. Ga. April 16, 2026). In that case, Defendants allege violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, and related state laws. *Id.* at Doc. 1. That case and the instant case both relate to and arise from

the same landlord-tenant relationship between the parties.[1] (Doc. 1 ¶ 1).

For the reasons discussed below, the Court lacks subject matter jurisdiction over this action and thus finds that Defendants improvidently removed this state court action to this Court. The Court therefore **REMANDS** this matter to the Magistrate Court of Cobb County, Georgia.

## I.    Legal Standard

Before this action can proceed, the Court must determine whether the petition for removal states a proper jurisdictional basis for removing this action to federal court. *See* 28 U.S.C. § 1447(c); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a federal court has an obligation in removal cases to examine its own subject matter jurisdiction and remand if jurisdiction is lacking at any time). For a defendant to remove a state court action to federal district court, the federal court must have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 29 (2002). "Original jurisdiction" means that a plaintiff could have originally filed the action in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts construe removal statutes, such as § 1441(a), strictly and resolve all doubts about the propriety of removal in favor of remand to state court. *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313

---

[1] The original dispossessory affidavit was filed by Plaintiff True North on April 15, 2026 — the day before Defendants filed their civil rights action against Plaintiff. Despite the timing, Defendants assert that they were not aware of the dispossessory filing at the time Defendants filed their civil rights action. (Doc. 1 ¶ 1).

U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Additionally, the removing party bears the burden to establish that federal subject matter jurisdiction exists. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

To establish original subject matter jurisdiction, a defendant must demonstrate that removal is based on either (1) diversity of citizenship or (2) a federal question. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). First, a district court has diversity jurisdiction for civil actions where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Second, a district court exercises federal question jurisdiction in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under" federal law, federal courts apply the well-pleaded-complaint rule, which examines whether a federal question appears on the face of the plaintiff's properly pleaded complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002). A defense or counterclaim involving federal law or alleging a constitutional violation is insufficient to invoke federal question jurisdiction. *See id.*

## II.    Discussion

Defendants' Notice of Removal does not explicitly identify the basis upon which this Court may exercise jurisdiction over this matter. The Notice simply asserts that "there is a federal question regarding [Plaintiff's] use of the eviction proceeding as a tool to retaliate against [Defendants] for exercising [their] rights

3

to seek reasonable accommodations from the [Plaintiff]." (Notice of Removal, Doc. 1 ¶ 5). As such, it appears that Defendants' asserted jurisdictional basis is federal question jurisdiction pursuant to 28 U.S.C. § 1331 – although it is not explicitly cited in the Notice.

The Court disagrees with Defendants and finds that it lacks subject matter jurisdiction to preside over this action. To determine whether the Court has federal question jurisdiction, the Court looks only to the dispossessory warrant filed in state court to determine whether the case arises under federal law. *See Holmes Grp., Inc.*, 535 U.S. at 830–31. Because that document seeks possession of real property under state law, there is no indication that this Court may exercise jurisdiction based on a federal question. *See* O.C.G.A. § 44-7-50 (providing subject matter jurisdiction to state courts for actions involving demand of possession over real property).

The Court recognizes that Defendants' separately filed civil rights action alleges violations of federal law in connection with Plaintiff's efforts to evict them. *See Barry v. Progress Residential Management Service, LLC*, 1:26-cv-2087-AT (N.D. Ga. April 16, 2026). But that action cannot provide the basis for federal question jurisdiction in *this* action. And to the extent Defendants suggest that Plaintiff violated federal law in the state court proceeding underlying this action, a defense or counterclaim cannot provide the basis for federal question jurisdiction either. *See Holmes Grp., Inc.*, 535 U.S. at 830–31. Thus, jurisdiction over the

4

initiation and trial of this dispossessory action filed in the Magistrate Court of Cobb County lies entirely in the state court system.

The Court is aware of how serious and devastating it is for any person to face eviction from their residence. However, the Court cannot act beyond its statutory grant of subject matter jurisdiction and must "strictly construe removal statutes in favor of state jurisdiction." *Kuhn v. Brunswick Corp.,* 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994).

## III.  Conclusion

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this action.  The Court therefore **REMANDS** this case to the Magistrate Court of Cobb County. There being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 26th day of May, 2026.

_____
**Honorable Amy Totenberg**
**United States District Judge**